IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALMA K. CICHON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-3274-CV-S-NKL-SSA ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Alma Cichon's ("Cichon") Motion for Summary Judgment [Doc. 12]. Cichon seeks judicial review of the Commissioner's denial of her request for disability insurance benefits based on Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*.

This is the second time Cichon's application has been before this Court. On March 20, 2000, ALJ Martin F. Spiegel issued a decision denying Cichon's application, and Cichon appealed that decision to this Court. The Court found that the ALJ's decision was deficient for three reasons. First, the ALJ had relied too heavily on the opinion of Dr. Winkler, who was not Cichon's treating physician. The Court stated that on remand, the ALJ should seek opinions from the treating physicians who had most recently treated Cichon. Second, the ALJ had failed to properly explain why he discredited the opinion of Cichon's treating physician, Dr. David Myers, who had completed a medical source

1

statement in which he opined that Cichon had severe physical limitations.  Finally, the ALJ had not described in detail the demands of Cichon's past relevant work, instead relying on the Dictionary of Occupational Titles.  (Transcript of August 8, 2002 Telephone Conference, Tr. 300-302.)

Upon remand, the case was assigned to ALJ Eve M. Riley.  On September 18, 2003, after considering new evidence, the ALJ found that Cichon was not entitled to benefits under the Act and such determination became a final decision of the Commissioner upon the Appeals Council's denial of Cichon's request for review.  Judicial review is appropriate because Cichon has exhausted her administrative remedies.

Upon review of the record, the Court determines that the ALJ properly addressed all of the issues that had necessitated the remand.  First, the ALJ properly evaluated the opinions of the treating physicians who had recently treated Cichon.  Specifically, the ALJ evaluated the medical records of Dr. Viswanatha Kharidi, who examined Cichon subsequent to the remand.  On November 4, 2002, Dr. Kharidi noted Cichon's complaints of numbness around the mouth and face, visual disturbances, weakness, ringing in the ears, and heart palpatations.  (Tr. 354.)  After Dr. Kharidi's physical exam revealed no serious abnormalities, Dr. Kharidi arranged for an MRI scan and an EEG.  Those tests revealed no serious abnormalities that would support a claim for disability.  (Tr. 361-65.)

Second, the ALJ properly evaluated the opinion of Dr. Myers, who had completed medical source statements on February 15, 2000, and August 20, 2003.  In those medical source statements, Dr. Myers stated that Cichon had severe restrictions in a wide variety

2

Case 6:04-cv-03274-NKL   Document 18   Filed 08/01/05   Page 2 of 4

of functional areas. (Tr. 384-385.) Dr. Myers stated that his diagnosis was a herniated disc at L5-S-1. (Tr. 383.) As the ALJ correctly noted, however, Dr. Myers's medical source statement is unsupported by any medically acceptable tests or diagnostic procedures. Furthermore, the medical source statement contradicts the medical examination performed by Dr. Kharidi in November 2002. During that examination, Cichon reported no recent history of back pain, joint stiffness, joint pains, or joint swelling. (Tr. 355.) Dr. Kharidi then performed an examination of Cichon's back, which revealed full range of motion, no tenderness or spasms, and no pain upon straight leg raising. (Tr. 356.) The ALJ properly relied on the opinion of Dr. Kharidi, who recorded her examination of Cichon's back, as opposed to the opinion of Dr. Myers, who apparently did not.

Finally, the ALJ properly described in detail the relevant demands of Cichon's past relevant work. Instead of relying on the description in the Dictionary of Occupational Titles, the ALJ recounted Cichon's own description of the demands of her past relevant work. The ALJ then found that Cichon retained the ability to sit, stand, or walk for up to six hours each in an eight-hour workday, and to lift and carry 25 pounds frequently and 50 pounds occasionally. The ALJ noted that Cichon's abilities are fully compatible with the demands of her past relevant work. Finally, the ALJ made the alternative finding that, based on her abilities, Cichon retains the ability to do a full range of medium work.

Cichon devotes much of her brief to discussing medical evidence that was in the record prior to the remand. Because the Court has already evaluated that evidence, it

3

need not do so again.[1]  As discussed above, the ALJ properly addressed this Court's concerns on remand.

Accordingly, for good cause shown, it is

ORDERED that Cichon's Motion for Summary Judgment [Doc. 12] is DENIED. The decision of the ALJ is AFFIRMED.

Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  August 1, 2005  
Jefferson City, Missouri

---

[1] The Court does note, however, that Cichon's interpretation of the old records is incompatible with the more recent medical findings of Dr. Kharidi, who found that Cichon had no pain upon straight leg raising.  Cichon's interpretation is also inconsistent with the fact that Cichon reported no recent back pain to Dr. Kharidi in November 2002.